UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH LAURAIN,

    Plaintiff,

v.                                                              Case No. 8:10-cv-2255-T-23TBM

EVERETT RICE, et al.,

    Defendants.

_____/

## **O R D E R**

Laurain's civil rights complaint was dismissed (Doc. 3) as time-barred.  Laurain moves (Doc. 5) for relief under Rule 60(b), Federal Rules of Civil Procedure, and argues entitlement to tolling.  Laurain explains that (1) he retained an attorney to both defend his criminal charges and prosecute this civil rights claim, (2) he followed counsel's advice to concentrate on the criminal charges and delay pursuing this civil rights claim, and (3) he had very limited access to the inmate library while in jail.  Laurain represents that his attorney withdrew at the end of 2007.  Nearly two years of the four-year statute of limitation remained.  Laurain requests tolling for the approximately two years he followed counsel's advice to not file this civil rights case.

   "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The litigant must meet both requirements, and he controls the first

requirement—due diligence—but not the second—extraordinary circumstances. Failure to meet both requirements, especially the one he controls, precludes equitable tolling. "Under long-established principles, petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. Laurain's decision to follow counsel's advice shows neither due diligence nor an extraordinary circumstance beyond his control. Tolling is not warranted if a petition is untimely because the petitioner followed counsel's advice, even if the advice proves erroneous. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that a habeas petitioner cannot rely on attorney negligence as a basis for equitable tolling).

A deficient prison law library is not an "extraordinary circumstance" justifying equitable tolling, Helton v. Sec'y, Dep't of Corr., 259 F.3d 1310, 1313-14 (11th Cir. 2001), cert. denied, 535 U.S. 1080 (2002), and limited or restricted access to a prison law library justifies no equitable tolling. Miller v. Florida, 307 Fed. App'x 366, 367-68 (11th Cir. 2009)[*] ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling.").

Accordingly, Laurain's motion (Doc. 5) for relief from judgment is **DENIED**.

ORDERED in Tampa, Florida, on February 11, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.